

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

January 12, 1968

Honorable Frank M. Jackson
Executive Secretary
Teacher Retirement System of Texas
314 West 11th Street
Third Floor, Lowich Building
Austin, Texas

Dear Mr. Jackson:

Opinion No. M-194

Re: Whether a member of the
Teacher Retirement Syste1
may purchase current ser∨
ice credit for out-of-st∂
service less than three
years before the date of
his retirement and relat∈
questions, under the fac·
stated.

In your request for an opinion from this office you state the following:

"A member of the Teacher Retirement System failed to make application to purchase credit for out-of-state service within three years and payment for such service within five years of the date of his membership in the Teacher Retirement System. He later made application to purchase out-of-state credit. Under these circumstances, we respectfully present the following questions for your opinion.

"1. May a member of the Teacher Retirement System purchase current service credit for out-of-state service less than three years before the date of his retirement?

"2. If the answer to Question No. 1 is in the affirmative, would the out-of-state service for which payment was made be included in computing the member's retirement benefit at the time of his retirement?

"3.   If the answer to Question No. 1 is affirmative and Question No. 2 is negative, would the member's retirement be adjusted after retirement to include credit for the out-of-state service when three years from the date of payment have expired?

"The above questions are based upon the premise that (a) the member has a minimum of ten years of creditable service in Texas and two years of creditable service in Texas for each year of out-of-state service purchased, and (b) the out-of-state service for which payment was made was in a public school system maintained in whole or in part by another state or territory of the United States or by the United States for children of United States citizens.

"These questions are pertinent to the specific situation outlined below.  Mr. Earle H. Fischer, a member of the Teacher Retirement System from Amarillo, Texas, first inquired in April of 1964 about purchasing current service credit with the Teacher Retirement System of Texas for service in a public school of another state.  He was then sent forms for applying to purchase this credit and was referred to the reverse side of the form for administrative interpretations of the laws governing the purchase of credit for out-of-state service.  He subsequently made the following payments:

| "Date | Number of Years | Amount |
|-------|-----------------|--------|
| March 3, 1965 | 1 | $ 771.61 |
| February 15, 1966 | 1 | 771.61 |
| April 5, 1967 | 1 | 771.61 |
| May 8, 1967 | 7 | 5,401.27 |

"On May 17, 1967, Mr. Fischer indicated that he would be forced to retire from the Amarillo Public Schools May 31, 1969, because of a ruling by the Board of Trustees of the Amarillo Schools setting age sixty-five as the compulsory retirement age in that particular school district. Mr. Fischer was then informed that if he should retire before May 31, 1970, the eight years of out-of-state service for which payment was made on April 5, 1967, and May 8, 1967, could not be used in determining his benefits and that deposits made for these years would be refunded to him. The years for which payment was made on March 3, 1965, and February 15, 1966, were not questioned.

"Mr. Fischer contends that the administrative interpretation of the laws governing the purchase of credit for out-of-state service is in error. He has requested that he be allowed to retire on May 31, 1969, with his benefit computed without using the last eight years of out-of-state service for which payment was made, then have his benefit adjusted three years from the date of payment for the additional out-of-state service to include such service.

"Mr. Fischer became a member of the Teacher Retirement System of Texas in September of 1940. He satisfies other conditions of the law pertaining to Texas service credit.

"The basic Teacher Retirement Law is codified as Article 2922-1, Vernon's Texas Civil Statutes. Section 14 pertains to out-of-state service. This law was enacted as S.B. 290, 54th Texas Legislature, Regular Session, 1955. The provisions of this Section permitting a person who was a member prior to 1955 to purchase credit for out-of-state service expired three years after the effective date of the Act.

"Section 2 of S.B. 99, 57th Texas Legislature,

Regular Session, 1961, (Article 6228a-4, Vernon's Texas Civil Statutes) again provided for the purchase of out-of-state service. This Bill contained no provision for regulating the purchase or computing the payment for such service. It did repeal all laws in conflict to the extent of the conflict only.

"In administering S.B. 99, Section 2 thereof was considered to have replaced all of Section 14, Subsection 1, of S.B. 290. Subsections 2, 3, 4, 5 and 6 of Section 14, S.B. 290, were considered to remain in force with the exception of the last portion of Subsection 2 reading as follows:  '. . . and failure to make the remaining deposits required, within the next two (2) consecutive years, shall forfeit the privilege of purchasing any credits for which deposits have not been made.'  This portion seemed to conflict with the new provisions of S.B. 99.

"Since the enactment of S.B. 99, the administrative construction of Section 2(b) has been that all service credit, unless purchased under the provisions of Section 2 (a), purchased by a 'member' would be granted three years after the date of payment, but that all service credit must be validated by a three-year waiting period while still a member of the Retirement System. This would mean that payment must be made at least three years prior to the date of retirement. This seemed to be consistent with other provisions of the retirement law and especially with Section 5, S.B. 290, 54th Texas Legislature, 1955, which specifies the service requirements under which a 'member' may qualify for retirement. Section 2, S.B. 290, specifically provides that 'membership' terminates upon retirement. No provisions (except for specific Bills increasing benefits) could be found for adjusting benefits after retirement except the authority to correct an error.

".  .  ."

The controlling statutory provisions are Subdivisions (a) and (b) of Section 2 of Article 6228a-4 of Vernon's Civil Statutes (Acts 1961, 57th Leg., R.S., Ch. 22, p. 35, S.B. 99) which read as follows:

"(a) In the event application for such pur-chase is made within three (3) years and payment within five (5) years from date of membership in this System, current service credit will be granted immediately upon payment.

"(b) In the event application for such pur-chase is not made within three (3) years or pay-ment not made within five (5) years from date of membership in this System, current service credit will be granted three (3) years after the date of payment." (Emphasis added.)

Section 3 of this Act expressly repeals all laws or parts of laws in conflict therewith. The Emergency Clause states:

"Sec. 4. Emergency Clause. The fact that laws permitting teachers to receive credit for service and to purchase out-of-state service have expired and no legal provisions now exist per-mitting such generally accepted rights, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended; and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

The controlling provisions in these Subdivisions (a) and (b) are those which relate to:

(1) the date of payment;
(2) the time when current service credit will be granted.

Subdivision (b) rather than Subdivision (a) is applicable to the facts presented. Subdivision (b) is couched in plain and unambiguous language in specifying that "current service credit will be granted three (3) years after the date of payment." (Emphasis added.) The Legislature did not add to said provision words to the effect, "in the event such member has not retired before the end of such three-year period." We believe that payment may be made at any time prior to retirement and that the service credit may be granted three years after the date of such payment even though the member of the Retirement System has fully retired after he made the payment and before expiration of the three years after the date of such payment, as the Legislature did not provide otherwise. Your second question is answered in the negative, and your third question is answered in the affirmative. For service in Texas, the date of retirement will control as to the age of the member and the beneficiary. For out-of-state service which has been purchased within less than three years prior to retirement, the age of the member and the beneficiary on the subsequent date which is three years from the date of payment will control in computing the additional benefits.

Our view is based primarily upon the statutory language of Article 6228a-4, Section 2 (b). Our position is further sustained by the fact that Article 6228a-4, enacted in 1961, appears to have for its primary purpose removal of the time limit provided in Article 2922-1, Section 14, enacted in 1955, which placed rather strict limitations upon the time within which members of the Retirement System were required to make application for purchase of equivalent current service credit.

Section 8.42 of the Rules and Regulations of the Board of Trustees for the Teacher Retirement System of Texas, relative to the purchase of credit for out-of-state service, provides that if application and payment are later than specified in Section 8.41, which is the present case, credit cannot be allowed sooner than three years after payment; and Section 8.6 provides that if payment is made but the member does not serve long enough in Texas to receive retirement credit for out-of-state service, payment will be refunded with interest at the rate of 2½% for each whole school year. This rule would not apply to the fact

situation presented. The Board has no authority to add requirements not set out in the statutes.

### S U M M A R Y

A member of the Teacher Retirement System may purchase current service credit for out-of-state service less than three years before the date of his retirement, under the facts stated. For out-of-state service which has been purchased within less than three years prior to retirement, the age of the member and the beneficiary on the subsequent date which is three years from the date of payment will control in computing the additional benefits.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
John Grace
John Banks

A. J. CARUBBI, JR.
Staff Legal Assistant